IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| GEMS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. _____ |
| ) | |
| GLEN WEATHERLY d/b/a ) | JURY TRIAL REQUESTED |
| RESORT PRO HOSPITALITY GROUP, ) | |
| ) | |
| Defendant. ) | |

COMPLAINT FOR UNFAIR COMPETITION, CYBERSQUATTING, AND INFRINGEMENT

Plaintiff, for its complaint against Defendant, states as follows:

1. This is an action for unfair competition and cybersquatting under the Federal Trademark Act (Lanham Act), Title 15 U.S.C. §1125, and for common law service mark infringement and unfair competition.

2. This Court has jurisdiction of the subject matter under 28 U.S.C. §§ 1331 and 1338(a) to hear the claims under 15 U.S.C. § 1125 and has jurisdiction of the subject matter to hear the common law trademark and unfair competition claims under 28 U.S.C. §§ 1338(b) and 1367(a).

3. Defendant is subject to personal jurisdiction in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400 (a).

5. Plaintiff Gems, LLC is a limited liability company of the state of Tennessee with a principal business address at 6860 E. Lamar Alexander Pkwy., Townsend, TN 37882.

6. On information and belief, Defendant Glen Weatherly is an individual residing in Sevier County, Tennessee, doing business as Resort Pro Hospitality Group.

7. Continuously since at least about January 20, 2005, Plaintiff has been and currently is in the business of providing home design and construction services in commerce to the general public in the southeast United States (hereinafter "Plaintiff's Services") under the mark LOG HOMES OF THE SMOKIES.

8. From and since its adoption and initial use by Plaintiff, the LOG HOMES OF THE SMOKIES Mark has been and is now a good and valid service mark which serves to identify and distinguish the source of Plaintiff's Services from the sources of the same or related services offered by others in the southeast United States.

9. Plaintiff owns all right, title and interest in and to the LOG HOMES OF THE SMOKIES Mark for use in connection with Plaintiff's services.

10. By virtue of the quality and nature of the services offered under Plaintiff's LOG HOMES OF THE SMOKIES Mark, the extensive sales, advertising, provision, marketing and promotion of Plaintiff's Services under Plaintiff's LOG HOMES OF THE SMOKIES Mark, and the substantially exclusive and continuous use of Plaintiff's LOG HOMES OF THE SMOKIES Mark in commerce for many years for and in connection with Plaintiff's Services, Plaintiff's LOG HOMES OF THE SMOKIES Mark has acquired and come to symbolize and identify a source of great and valuable goodwill for and in connection with Plaintiff's Services and the LOG HOMES OF THE SMOKIES Mark is distinctive for such Services.

11. Subsequent to Plaintiff's adoption and use of the LOG HOMES OF THE SMOKIES mark in commerce, Defendant acquired the following domain names (hereinafter "Defendant's Domains"):

- www.loghomesofthesmokies.com

- www.loghomesofthesmokies.org

- www.loghomesofthesmokies.info

- www.loghomesofthesmokies.us

- www.loghomesofthesmokies.biz

12. Websites are posted at Defendant's Domains that use the LOG HOMES OF THE SMOKIES mark in the page title. The websites operate as link farms that direct consumers to Plaintiff's competitors. One example is attached as Exhibit A.

13. On information and belief, Defendant registered its Domains with a bad faith intent to profit from inclusion of the LOG HOMES OF THE SMOKIES Mark in the Domains.

14. Defendant's misuse of Plaintiff's LOG HOMES OF THE SMOKIES Mark and infringement of Plaintiff's LOG HOMES OF THE SMOKIES Mark as alleged herein and otherwise is likely to cause confusion among consumers, the trade, and the public as to the affiliation of Defendant and the websites located at Defendant's Domains with Plaintiff and Plaintiff's services offered under the LOG HOMES OF THE SMOKIES Mark.

15. Defendant's use of the LOG HOMES OF THE SMOKIES Mark has been done without the license, consent or acquiescence of Plaintiff.

16. When Defendant registered Defendant's Domains, Defendant knew of the prior use of Plaintiff's LOG HOMES OF THE SMOKIES Mark by Plaintiff to identify the

commercial source of Plaintiff's Services and, therefore Defendant did, and continues to, willfully infringe upon Plaintiff's LOG HOMES OF THE SMOKIES Mark and Plaintiff's rights associated therewith.

## COUNT I - FEDERAL UNFAIR COMPETITION

17. Plaintiff restates all preceding paragraphs as if fully set forth herein, and for its Count I states as follows:

18. Defendant is and has been using the LOG HOMES OF THE SMOKIES Mark in commerce to promote and advertise services which are the same as or are so closely related to those for which Plaintiff's LOG HOMES OF THE SMOKIES Mark has been and is being used by Plaintiff such that they are likely to cause confusion, mistake, and/or deception in violation of 15 U.S.C. § 1125(a).

19. Use by Defendant of the LOG HOMES OF THE SMOKIES Mark as alleged herein falsely represents or suggests to the consumers and to persons in the trade and industry that the services promoted and/or advertised by Defendant under the LOG HOMES OF THE SMOKIES Mark are provided, distributed and/or sold by or from the same commercial source as, or with the permission of or authorization from the same commercial source as, the Services provided, distributed, and/or sold under Plaintiff's LOG HOMES OF THE SMOKIES Mark, in further violation of 15 U.S.C. § 1125(a).

20. The unlawful, unjust, and unfair use of the LOG HOMES OF THE SMOKIES Mark by Defendant has and is being undertaken with knowledge of Plaintiff's prior use of and superior rights in Plaintiff's LOG HOMES OF THE SMOKIES Mark, and with the deliberate and willful intent to infringe upon, violate and harm the rights of Plaintiff and to unlawfully and

unfairly compete with and divert trade, goodwill, and revenue from Plaintiff to Defendant, whereby Defendant has been, is being, and will continue to be unjustly enriched with revenue and other benefits proximately caused by and/or resulting from Defendant's unlawful, unjust, and unfair use of confusingly similar variations of Plaintiff's LOG HOMES OF THE SMOKIES Mark and intellectual property rights associated therewith.

21. The acts of Defendant alleged herein have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT II - FEDERAL CYBERSQUATTING

22. Plaintiff reasserts the allegations in the foregoing paragraphs as if fully set forth herein, and states for Count II as follows:

23. Registration, ownership, and use by or under control of Defendant of Defendant's Domains on the Internet was done and is being done willfully with a bad faith intent to profit unlawfully from inclusion of the LOG HOMES OF THE SMOKIES Mark in such domain names in violation of 15 U.S.C. § 1125(d)(1).

24. The acts of Defendants alleged in this Count II have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT III - COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

25. Plaintiff restates all preceding paragraphs as if fully set forth herein, and states for its Count III as follows:

26. The activities of Defendant as alleged herein constitute unfair competition and trade piracy in violation of the common law and have been undertaken in order to cause confusion, deception, and mistake among consumers of Plaintiff's Services and persons in the trade and industry, and to allow Defendant to usurp and to unjustly and unfairly benefit and enrich itself by siphoning away goodwill and value built up by Plaintiff over many years of use of and extensive investment in advertising and promotion of Plaintiff's LOG HOMES OF THE SMOKIES Mark.

27. Defendant's acts as alleged herein have engendered or are likely to engender a false belief in the minds of the public and persons in the trade and industry in general that Defendant is affiliated with, sponsored by, or associated with the source of Plaintiff's Services marketed and sold under Plaintiff's previously used LOG HOMES OF THE SMOKIES Mark.

28. The acts of Defendant alleged herein have caused and will continue to cause substantial and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

WHEREFORE, Plaintiff prays for at least the following relief:

a. A preliminary and permanent injunction and such other and further relief as is provided for under 15 U.S.C. §1125(d) to prohibit any further violations of Plaintiff's rights in and to the LOG HOMES OF THE SMOKIES Mark, including prohibiting Defendant from making further use of any domain name containing the LOG HOMES OF THE SMOKIES Mark

6

Mark alone or in combination with any other words, and to require Defendant and/or the registrar for Defendant's Domains to transfer Defendants' Domains and any other domain name including the LOG HOMES OF THE SMOKIES Mark to Plaintiff.

    b.    A preliminary and permanent injunction and such other and further relief as is provided for under 15 U.S.C. § 1116 to prohibit any further violation of Plaintiff's exclusive rights in or related to Plaintiff's LOG HOMES OF THE SMOKIES Mark under 15 U.S.C. §1125(a), and prohibiting Defendant from unfairly competing with Plaintiff through the use of spurious designations confusingly similar to Plaintiff's previously used LOG HOMES OF THE SMOKIES Mark.

    c.    That the Court preliminarily and permanently enjoin and restrain Defendant from and against any and all further use of the LOG HOMES OF THE SMOKIES Mark or any other mark, name, words, symbols, and/or letters confusingly similar to Plaintiff's LOG HOMES OF THE SMOKIES Mark, alone or in combination with any other words, for or in connection with home construction or design services or any other goods or services related thereto.

    d.    An accounting and award under 15 U.S.C. § 1117(a) of all of Defendant's profits from activities associated with Defendant's use of the LOG HOMES OF THE SMOKIES Mark.

    e.    Recovery under 15 U.S.C. § 1117 (a) of Plaintiff's damages, in an amount to be determined.

    f.    Trebling of Defendant's profits or Plaintiff's damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under 15 U.S.C. § 1117(a), in view of Defendant's deliberate and willful unfair competition and infringement of Plaintiff's LOG HOMES OF THE SMOKIES Mark.

g.  An award to Plaintiff of its costs, attorney's fees, and expenses.

h.  Such other, further, and additional relief as this Court may deem reasonable and just.

Plaintiff demands a jury to try the issues joined.

Respectfully submitted,

By: s/Michael J. Bradford
    Michael J. Bradford, BPR #22689
    Andrew S. Neely, BPR #6414
    LUEDEKA NEELY GROUP, P.C.
    P.O. Box 1871
    1871 Riverview Tower
    Knoxville, TN 37901
    Phone: (865) 546-4305
    Fax:   (865) 523-4478
    Email: MBradford@Luedeka.com
    Email: ANeely@Luedeka.com

ATTORNEYS FOR PLAINTIFF